IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| BETH ANN CIESLA, | |
| | CASE NO. 22-07983 |
| DEBTOR | JUDGE: David D Cleary |

NOTICE OF MOTION

Notified via Electronic Filing
U.S. Trustee , 219 S Dearborn St, Room 873, Chicago, IL 60604
M.O. Marshall, 55 E. Monroe St., Ste. 3850, Chicago, IL 60603
David H Cutler, Cutler & Associates, Ltd., 4131 Main St., Skokie, IL 60076

Notified via US Postal Service
Beth Ann Ciesla, 265 Juniper Circle, Streamwood, IL 60107
Robert J Ciesla, 265 Juniper Circle, Streamwood, IL 60107

Please take notice that on Monday December 5, 2022, at 1:30 p.m., I will appear before the Honorable David D. Cleary, or any judge sitting in his place, in Courtroom 644 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, IL 60604 and present the accompanying motion.  You may attend that hearing if you so choose.

**All parties in interest, including the Movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

**To appear in person,** attend in Courtroom 644 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL. 60604, at 1:30 p.m. on December 5, 2022.

**To appear by video,** use this link: https://www.zoomgov.com/join. Then enter the meeting ID and passcode.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 122 6457 and the passcode is Cleary644. The meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of

Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he/she caused a true and correct copy of the above and foregoing document to be served upon the parties listed below on  11/23/2022

Respectfully Submitted,

/s/ Michael N. Burke
_____
Richard B. Aronow  3123969
Michael N. Burke  6291435
Michael Kalkowski  6185654
Amy A. Aronson  6206512
LOGS Legal Group LLP
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
22-096916

<u>Notified via Electronic Filing</u>
U.S. Trustee , 219 S Dearborn St, Room 873, Chicago, IL 60604
M.O. Marshall, 55 E. Monroe St., Ste. 3850, Chicago, IL 60603
David H Cutler, Cutler & Associates, Ltd., 4131 Main St., Skokie, IL 60076

<u>Notified via US Postal Service</u>
Beth Ann Ciesla, 265 Juniper Circle, Streamwood, IL 60107
Robert J Ciesla, 265 Juniper Circle, Streamwood, IL 60107

**The firm of LOGS Legal Group LLP is a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| BETH ANN CIESLA, | |
| | CASE NO. 22-07983 |
| DEBTOR | JUDGE: David D Cleary |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FROM THE CO-DEBTOR
STAY OR IN THE ALTERNATIVE DISMISSAL OF THE CASE

NOW COMES Lakeview Loan Servicing, LLC ("the Movant"), by and through its

attorneys, Richard B. Aronow and LOGS Legal Group LLP, and states as follows:

1.      The Debtor filed a Chapter 13 Petition on July 18, 2022.  She filed an amended plan on

September 27, 2022, which was confirmed on October 31, 2022.

2.      The Movant holds a note (or services a loan) that is secured by a mortgage on the

Debtor's residence, commonly known as: 265 Juniper Circle, Streamwood, IL 60107.

3.      A material term of the plan calls for the Debtor to make monthly post-petition mortgage

payments directly to the Movant commencing with the installment that came due on August 1,

2022.

4.      Notwithstanding that material term, post-petition mortgage payments are in default in the

amount of $6,209.39 through November 4, 2022, including the attorneys' fees and the court costs

that the Movant has incurred in connection with this motion.  Pursuant to the terms of the loan

documents, the Debtor is responsible for reimbursing the Movant for those fees and costs:

| | | |
|---|---|---:|
| 8/1/2022 - 11/1/2022 monthly payments at $1,607.16 each | = $ | 6,428.64 |
| Suspense balance | = $ | (1,457.25) |
| Bankruptcy MFR court cost | = $ | 188.00 |
| Bankruptcy Attorneys' fees | = $ | 1,050.00 |
| | | |
| TOTAL | = $ | 6,209.39 |

5.      That failure constitutes a default in a material term of the plan, thereby entitling the

Movant to relief from the automatic stay, pursuant to 11 USC 362(d).

6.      By failing to make current mortgage payments, the Debtor had failed to provide the

Movant with adequate protection for its security, contrary to the requirements of the Bankruptcy

Code.

7.      Upon information and belief, the Debtor's non-filing spouse, Robert J. Ciesla, may have

a legal and / or an equitable interest in the property that may be protected by a co-debtor stay,

pursuant to 11 USC 1301.

8.      Upon information and belief, upon the closing of the subject loan, Robert J. Ciesla

received consideration that was equal to or greater than the consideration that the Debtor

received from that transaction.

9.      Attached are redacted copies of any documents that support the claim, such as promissory

notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments,

mortgages, and security agreements in support of right to seek a lift of the automatic stay and

foreclose if necessary.

10.     The Movant adopts the facts set forth in the Statement of Default as additional allegations

in support of this motion.

11.     It would cause the Movant irreparable harm if it were to be granted relief from the

automatic stay, yet it remained unable to pursue and enforce its rights with respect to the

property due to a co-debtor stay protecting the interests of Robert J. Ciesla.

12.     For the reasons set forth above, it would be inequitable to delay the enforcement of any

order modifying the automatic stay with respect to the Movant.

WHEREFORE, Lakeview Loan Servicing, LLC, moves for the entry of an order

modifying the automatic stay and the co-debtor stay, as it may protect the interests of Robert J.

Ciesla, to the extent necessary to enable it to pursue and enforce its In Rem rights, under non-

bankruptcy state law with respect to the property commonly known as: 265 Juniper Circle,

Streamwood, IL 60107, pursuant to 11 USC 362(d) and 11 USC 1301, respectively, that the

unpaid portion of any proof of claim or stipulation calling for payment of the debt secured by

that mortgage be withdrawn for purposes of these proceedings only, and that Federal Bankruptcy

Rule 4001(a)(3) be waived; or to dismiss the case, and for such further relief as the Court deems

equitable.

Respectfully submitted,

 /s/ Michael N. Burke
Attorney for Lakeview Loan Servicing, LLC

Richard B. Aronow  3123969
Michael N. Burke  6291435
Michael Kalkowski  6185654
Amy A. Aronson  6206512
LOGS Legal Group LLP
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
22-096916

**The firm of LOGS Legal Group LLP is a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**